UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JEFFERY LYDELL LEWIS, | ) |
| | ) |
| v. | ) No. 2:05 CR 202 |
| | ) (No. 2:16 CV 92) |
| UNITED STATES OF AMERICA. | ) |
| | ) |

## OPINION and ORDER

Petitioner Jeffery Lewis has moved to vacate his sentence under 28 U.S.C. § 2255 based on the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (DE # 53.) For the following reasons, the motion is denied.

I.     BACKGROUND

In 2006, Jeffrey Lewis was convicted of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). *United States v. Lewis*, 237 F. App'x 105, 106 (7th Cir. 2007). He was given an enhanced sentence of 180 months in prison under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based upon his Illinois convictions for robbery in 1989, armed robbery in 1990, and delivery of a controlled substance in 1997. *Id.* Lewis appealed his enhanced sentence under the ACCA, arguing that his conviction for delivery of a controlled substance did not constitute a "serious drug offense" as defined by the Act. *Id.* However, in 2007, his sentence was affirmed by the U.S. Court of Appeals for the Seventh Circuit. *Id.* at 108.

Lewis has now filed a motion under Section 2255 based on the Supreme Court's decision in *Johnson*, which found a portion of the ACCA void on vagueness grounds. (DE # 53.) In his motion, Lewis now argues that, post-*Johnson*, his 1989 robbery

conviction no longer constitutes a violent felony for purposes of the ACCA. (DE # 57 at 3.)

## II. LEGAL STANDARD

A federal prisoner can move to vacate his sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 18 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## III. DISCUSSION

### A. *The Illinois Robbery Statute*

The ACCA provides enhanced sentences for defendants convicted of violating 18 U.S.C. § 922(g) who have "three previous convictions by any court . . . for a violent felony or serious drug offense." 18 U.S.C. § 924(e)(1). A defendant who meets this definition is subject to a mandatory prison sentence of 15 years to life. *Id.* The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that meets one of the following criteria: (1) it "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) it is burglary, arson, extortion, or an offense involving the use of explosives; or (3) it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). The first clause is commonly

referred to as the "elements clause"; the second as the "enumerated crimes clause"; and the third as the "residual clause."

In *Johnson,* the Supreme Court invalidated the residual clause on vagueness grounds, but otherwise left the remaining clauses intact. *See Johnson,* 135 S. Ct. at 2563; *Stanley v. United States,* 827 F.3d 562, 564 (7th Cir. 2016) ("*Johnson* holds that the residual clause is unconstitutionally vague. *Johnson* does not otherwise affect the operation of the [ACCA]."). Lewis's argument is that, in the absence of the now-invalidated residual clause, his robbery conviction cannot be characterized as a "violent felony" and thus his sentence is invalid. For his sentence to remain valid, the court must determine whether Lewis's robbery conviction falls under either of the two remaining clauses.

The enumerated crimes clause is clearly inapplicable, leaving only the elements clause. As noted, an offense qualifies as a violent felony under this clause if it "has as an element the use, attempted use or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). The meaning of "physical force" in this clause is a question of federal law. *United States v. Duncan*, 833 F.3d 751, 753 (7th Cir. 2016)(citing *Johnson v. United States*, 559 U.S. 133, 138 (2010))[1]. For purposes of the ACCA, the Supreme Court held that "the phrase 'physical force' means *violent* force – that is, force capable of causing physical pain or injury to another person." *Curtis Johnson*, 559 U.S. at 140 (emphasis in original). "While mere touching is not enough to show physical force, the threshold is not a high one; a slap in the face will suffice." *Duncan*, 833 F.3d at 754.

---

[1]The court will refer to the Supreme Court's 2010 decision as "*Curtis Johnson*," distinct from the Supreme Court's 2015 *Johnson* decision discussed above.

3

The Illinois robbery statute provides that "[a] person knowingly commits robbery when he or she knowingly takes property, . . . from a person or presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-1(a). By its very own terms, the statute contains as an element the use or threatened use of force. Though the statute does not specifically mention *physical* force, the Seventh Circuit has long held that the Illinois robbery statute satisfies the elements clause of the ACCA. *United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990)("[I]n its own terms [the Illinois Robbery statute] includes the elements of either 'use of force or . . . threatening the imminent use of force,' that clearly come within the scope of 18 U.S.C. § 924(e)(2)(B)."); *United States v. Carter,* 910 F. 2d 1524, 1532 (7th Cir. 1990).

Though *Dickerson* long-preceded the 2010 *Curtis Johnson* and 2015 *Johnson* decisions, its authority has not been revisited or upset by the Seventh Circuit. *See United States v. Smith*, 669 F. App'x 314, 315 (7th Cir. 2016) (unpublished opinion) (citing *Dickerson* and holding that "convictions under [the Illinois robbery] statute are crimes of violence under the elements clauses of [Federal Sentencing] Guidelines or similarly worded statutes.")[2]. In the wake of the *Johnson* decision, district courts in this circuit have consistently applied *Dickerson* and rejected arguments that Illinois robbery is not a violent felony. *See Dorsey v. United States*, No. 16 C 6592, 2017 WL 1283503, at *3 (N.D. Ill. Apr. 6, 2017) (collecting cases).

---

[2]Though *Smith* concerned the Federal Sentencing Guidelines, the elements clauses of the ACCA and the Guidelines are not just "similarly worded" but are identical. *Compare* 18 U.S.C. § 924 (e)(2)(B)(i), *with* U.S.S.G § 4B1.2(a)(1); *Duncan*, 833 F.3d at 754 ("The elements clauses of the ACCA definition and the Guideline definition are identical, so they have been interpreted to cover the same scope.").

4

In light of the clear authority from the Seventh Circuit, the court concludes that Lewis's robbery conviction falls under the elements clause of the ACCA. Lewis has at least three qualifying felony convictions under the ACCA and is properly serving an enhanced sentence under that statute. Therefore his Section 2255 motion is denied.

### B.     *Certificate of Appealability*

Pursuant to Rule 11 of the Rules Governing 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court should issue such a certificate only if the movant has made a substantial showing of the denial of a constitutional right, that is, that reasonable jurists would find debatable whether the district court correctly resolved the issues or would conclude that those issues deserve further proceedings. 28 U.S.C. § 2255 ¶ 4; 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). The court has thoroughly discussed the controlling case law on the issue at hand and finds that the conditions for the issuance of a certificate of appealability are not present in this case. Therefore no certificate will issue.

## IV.    CONCLUSION

For the foregoing reasons, Lewis's Section 2255 motion (DE # 53) is **DENIED.** The issuance of a certificate of appealability is also **DENIED.**

**SO ORDERED.**

Date: June 5, 2017

                                          s/ James T. Moody
                                          JUDGE JAMES T. MOODY
                                          UNITED STATES DISTRICT COURT